## BUFFALO FARMERS' CO-OPERATIVE ELEVATOR CO. v. HARMON.

No. 14167—Opinion Filed Sept. 18, 1923.

(Syllabus.)

**1. Warehousemen — Conversion of Grain— Sufficiency of Petition.**

The plaintiff sued the defendant elevator company, and pleaded a state of facts which if true would constitute a cause of action for conversion. The overruling of defendant's motion in part to make more definite and certain, which is assigned as error here, should not work a reversal of this cause, since the facts pleaded were sufficiently set forth to fully advise the

defendant as to the nature of his complaint.

### 2. Appeal and Error—Questions of Fact— Verdict.

Where plaintiff pleads a cause of action in conversion, and the defendant answers by general denial, the question of fact being determined by the jury in favor of plaintiff on sufficient evidence, and under proper instructions of the court, the judgment will be affirmed.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by Charley Harmon against the Buffalo Farmers' Co-operative Elevator Company. Judgment for plaintiff, and defendant brings error. Affirmed.

D. P. Parker, J. L. Griffiths, and Swindall & Wybrant, for plaintiff in error.

B. F. Willett and J. T. Botts, for defendant in error.

BRANSON, J. The defendant in error, as plaintiff, sued the Buffalo Farmers' Co-operative Elevator Company, a corporation, in the district court of Harper county, Okla., to recover the sum of $276.90 as a remainder due for certain wheat alleged to have been delivered by the plaintiff to the elevator of the defendant under an oral agreement between the plaintiff and the defendant that said wheat should remain in said elevator, to be sold at the option of the plaintiff at any time before the 1922 crop should be delivered; and alleged that the agent of said defendant, on the 23rd of March, 1922, delivered as full payment to the plaintiff for the 893 1-2 bushels of wheat so delivered the sum of $929.10, and that the market value and the value for which said wheat could be sold on the date that the plaintiff expected to exercise his option to sell the same, to wit, May 10, 1922, would have brought the further sum of $276.90, for which plaintiff prayed judgment. The defendant filed a general denial.

This cause was tried to the court and a jury, and resulted in a verdict for the plaintiff in the sum of $50.60. To reverse this judgment, the defendant prosecutes this appeal.

The plaintiff in error makes various assignments growing out of the transactions under which the plaintiff placed his wheat in the defendants' elevator, and the ruling of the court on a motion to make more definite and certain, and demurrer filed to the plaintiffs' petition and the instructions given by the court to the jury, and the refusal of the court to give certain requested instructions to the jury.

While plaintiff has not pleaded his cause of action with that degree of clarity which should have characterized his petition, the contract under which the wheat was deposited in the elevator and the acts of the defendant, which if true would constitute as a matter of law the conversion thereof by the defendant, were sufficiently set forth to fully advise the defendant as to the nature of his complaint.

The motion to make definite and certain, the overruling of which in part is assigned as error, did not go to a further elucidation of any material element in plaintiff's cause of action, and if error at all, it was not such for which this court would reverse the cause, under the provisions of section 6005, Rev. Laws 1910. The overruling of the demurrer was not error, as the petition stated a cause of action for conversion, and it was on this theory that the plaintiff presented his case and tried it to the court and the jury.

Numerous requested instructions were presented to the court by the defendant, the setting out of which we deem it unnecessary, for that the court, accepting the theory of the plaintiff that the defendant had converted his grain and the measure of damages by reason thereof, stated the law in instruction No. 3 given to the jury, as we think, correctly. The said instruction given by the court is as follows:

"Conversion is any distinct act or dominion, wrongfully exerted over another's property, in denial of the owner's right or inconsistent with it.

"Where wheat has been delivered to and received by an elevator company to be held by it and sold at the option of the owner, then it is the duty of such elevator company to hold such wheat until said option shall be exercised, or until properly ordered by a competent court having jurisdiction at that time to sell the same, and pay the owner the market price at the place where such wheat is in storage or to redeliver to the owner the identical property stored, unless such property is of such a character as that it may be and has been commingled with other property of the same general kind, in which event redelivery may be made of property of the same kind, quality, and grade.

"If the plaintiff delivered the wheat to the defendant to be held by it until the plaintiff should exercise his option to sell the same, and without the plaintiff having exercised said option or without authority from the said plaintiff or a proper order from a court having competent jurisdiction of the same for such sale, the said defendant sold the said wheat, then you are instructed that such act constituted a

conversion of the wheat, unless you should further find and believe that the defendant paid the plaintiff for the same and that the plaintiff accepted such payment in settlement thereof or with assurance from the defendant it would pay no further sum, or with full knowledge that said payment was intended as payment in full for the said wheat.

"Our statutes provide that the detriment caused by the wrongful conversion of personal property is presumed to be the highest market value of the same at any time between the date of the conversion and the verdict, without interest, at the option of the injured party, where the action has been prosecuted with reasonable diligence. In this case the plaintiff elected to fix May 10, 1922, as the date of exercising said option."

This instruction going to the heart of plaintiff's cause of action, and correctly stating the law as applicable thereto, and the theory of the plaintiff in the trial, and the answer of defendant being merely a general denial, the jury found the issues in favor of the plaintiff, and fixed his recovery at the sum of $50.60. As there is sufficient evidence in the record to support the verdict of the jury, we deem it unnecessary to go into details as to the various contentions made by the plaintiff in error in this cause.

Finding no reversible error in the record, the judgment of the district court of Harper county is affirmed.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.